| | |
|---|---|
| ALBERT PATTERSON d/b/a ) <br> WORLD WRESTLING ASSOCIATION, ) <br> SUPERSTARS OF WRESTLING, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> WORLD WRESTLING ENTERTAINMENT, ) <br> INC. and GOOD HUMOR CORPORATION ) <br> d/b/a Good Humor Breyer's Ice Cream ) <br> ) <br> Defendants. ) | '05 APR 22 P 4 :19 <br><br> Civil Action No. 03-C-0374 |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SANCTIONS FOR PLAINTIFF'S VIOLATION OF THE COURT'S FEBRUARY 8, 2005 DECISION AND ORDER

Defendants World Wrestling Entertainment, Inc. (WWE) and Good Humor Corporation now known as Breyers, Inc. d/b/a Good Humor ("Good Humor") (collectively, the "Defendants") respectfully submit this brief in support of their motion for sanctions for Plaintiff Albert Patterson's ("Patterson's") violation of this Court's February 8, 2005 Decision and Order (the "February 8 Order").

This Court's February 8 Order granted in part Defendants' Motion to Compel Patterson to fully respond to Defendants' first set of interrogatories and first request for production of documents, pursuant to which Patterson was ordered, among other things, to produce documents in response to Document Request Nos. 16, 28 and 31. Document Request No. 16 requested, "All documents concerning Plaintiff's use in commerce of each of the Marks."[1] Document Request No. 28 requested, "A sample of each different product, label, package, container, brochure,

---

[1] Defendants' First Request for Production of Documents was attached to Defendants' August 12, 2004 Motion to Compel as Exhibit 2.

1

advertisement, article and promotional item referring to or bearing any of the Marks to identify goods and services of Plaintiff." Document Request No. 31 requested, "All documents concerning all advertising or promotion (including, without limitation, advertisements in newspapers, magazines, radio, television, catalogs, posters and websites) of Plaintiff's goods or services using any of the Marks." Patterson also was ordered to fully respond to Defendants' Document Request No. 4 that requested, "[a]ll documents identified in, utilized in responding to or otherwise concerning, the subject matter of any of Plaintiff's responses to Defendants' First Set of Interrogatories." The Court's February 8 Order provided that "Patterson **SHALL** provide such information to the defendants no later than March 8, 2005" (emphasis in original).

On or about March 8, 2005, Patterson served Defendants with Plaintiff's Supplemental Responses to Defendants' Request to Produce Documents (the "Supplemental Responses", attached as Exhibit 1), along with approximately 100 pages of documents. However, Patterson's Supplemental Responses asserted that he was not producing documents which supposedly were produced in prior litigation between the parties (*i.e.*, the 1990 action before Judge Curran). Plainly, the Court's February 8 Order did not permit Patterson to exclude from production documents which he claims were produced in the 1990 action, and thus Paterson's failure to produce such documents by March 8, 2005—without more—constitutes a violation of the Court's February 8 Order.

Defendants' counsel attempted to contact Patterson's counsel by telephone to call this matter to his attention. After leaving several messages that were not returned, by letter dated March 23, 2005, Defendants' counsel advised Patterson's counsel of the violation of the Court's February 8 Order and sought confirmation that Patterson indeed had withheld responsive documents from production. In response to Defendants' counsel's March 23 letter, Patterson's counsel contacted Defendants' counsel by telephone and confirmed that Patterson had not produced certain documents that Patterson claims were produced in the 1990 action. Patterson's counsel further represented that he would immediately make available to Defendants for copying

2

all such documents in Patterson's possession, custody and control in response to the document requests that were the subject of the Court's February 8 Order, including, specifically, Document Request Nos. 4, 16, 28 and 31 described above. By letter dated March 29, 2005, Defendants' counsel confirmed the representation made by Patterson's counsel regarding the production of such documents.

Despite these representations and despite additional efforts by Defendants' counsel in writing and by telephone (in which he was most recently told approximately two weeks ago that the documents were in the process of being copied, and despite two more unanswered phone messages in the interim), Patterson has continued to fail to comply with the Court's February 8 Order. Under the Court's Scheduling Order, Defendants' motion for summary judgment must be filed by May 2, 2005 and thus Defendants would be particularly prejudiced by the production of new information or documents at this late date.

Fed.R.Civ.P. 37(b) "authorizes a court to impose a variety of sanctions up to and including dismissal where a party fails to obey an order to provide or permit discovery." *Vlasek & Vlasek v. Nemitz,* 2003 U.S. App. LEXIS 13080, at *6 (7th Cir. March 26, 2003). "Dismissal is appropriate when a plaintiff fails to comply with a discovery order and that failure results from willfulness, bad faith or fault." *Spargrove v. Wachter,* 2004 U.S. Dist. LEXIS 15827, at *9 (W.D. Wis. Aug. 4, 2004), *citing In re Golant,* 239 F.3d 931, 936 (7th Cir. 2001). "'Bad faith' is characterized by intentional or reckless disregard of an obligation to comply with a court order." *Spargrove v. Wachter,* 2004 U.S. Dist. LEXIS 15827, at **9-10, *citing Marroccdo v. General Motors Corp.,* 966 F.2d 220, 224 (7th Cir. 1992). "Fault," refers to the non-complying party's "lack of reasonableness which eventually culminated in the violation." *Aktipis v. Loyola Univ. of Chicago,* 1999 U.S. App. LEXIS 4721, at *6 (7th Cir. March 17, 1999). Furthermore, "the exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser and Musser v. Gentiva Health Services,* 356 F.3d 751, 758 (7th Cir. 2004); *see also Aptargroup, Inc. v. Summit Packaging Systems, Inc.,* 1996 U.S.

Dist. LEXIS, at *11 (N.D. Ill. Dec. 18, 1996) (excluding evidence in intellectual property dispute on issues for which the party did not produce all responsive documents in its possession).

Here, Patterson's initial failure to comply with the Court's February 8 Order by knowingly withholding, indeed objecting to the production of, clearly relevant documents, was manifestly willful and in bad faith. His continued refusal to produce such documents despite counsel's representation that the documents would be produced constitutes even more egregious willful and bad faith conduct. Moreover, Patterson's failure to comply with his discovery obligations has been a recurring problem in this litigation. As the Court is aware, Defendants' Motion for Sanctions or, in the Alternative, Motion to Compel concerning discovery abuses that came to light during Patterson's deposition remains pending before the Court. In addition, Patterson was sanctioned by Judge Clevert for violation of his discovery obligations in connection with a second lawsuit Patterson filed against WWE in this Court during the pendency of this action (attached as Exhibit 2), from which WWE was dismissed in November 2003.

Accordingly, Patterson should be sanctioned for his violation of this Court's February 8 Order, and for his repeated failure to comply with his discovery obligations. This Court, therefore, should dismiss Patterson's claims against Defendants as a sanction under Fed.R.Civ.P. 37. In the alternative, this Court should enter an order pursuant to Fed.R.Civ.P. 37 that: (1) excludes all evidence Patterson has failed to produce in violation of the Court's February 8 Order and precludes Patterson from asserting any arguments or claims based in any way on such undisclosed evidence; (2) establishes in this action that Patterson did not make trademark use of WORLD WRESTLING ASSOCIATION and WWA prior to 1993, which is Patterson's earliest use of those names on the existing record, and precludes Patterson from introducing evidence of trademark use of WORLD WRESTLING ASSOCIATION and WWA prior to 1993; and (3) such other and further relief as the Court deems just and appropriate.

4

Respectfully submitted,

Dated: April 22, 2005

By: /s/ Shepard A. Davis
Shepard A. Davis
BURTON & DAVIS, LLP
611 N. Broadway
Milwaukee, Wisconsin 53202
Telephone: (414) 224-8000
Fax: (414) 224-7511

Jerry S. McDevitt
Curtis B. Krasik
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-6500
Fax: (412) 355-6501

Attorneys for Defendants World Wrestling
Entertainment, Inc. and Conopco, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALBERT PATTERSON d/b/a <br> WORLD WRESTLING ASSOCIATION, <br> SUPERSTARS OF WRESTLING, INC. and <br> d/b/a W.W.A. SUPERSTARS <br><br>    Plaintiff <br><br>    v. <br><br> WORLD WRESTLING ENTERTAINMENT, INC <br> and GOOD HUMOR CORPORATION, d/b/a <br> Good Humor Breyers Ice Cream <br>    Defendants | No. 03 C 0374 <br><br> JUDGE RHANDA <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' REQUEST TO PRODUCE DOCUMENTS

Plaintiff hereby supplements his response to defendants request to produce documents. The responses are supplemental responses to both the original responses. Document previously produced include all documents filed as Exhibits to the Complaint or any amended complaint, any pleading or brief filed with the court, any deposition taken in connection with this litigation and attached as an Exhibit to that deposition and served on the defendant and document produced in prior litigation with the defendant, or produced as Exhibits in any proceeding before the United States Patent and Trademark Office, of which defendant received a copy. Plaintiff also observes that Lavelle Nash also produced in response to a subpoena, copies of tapes of wrestling events produced by Patterson.
Many of the documents produced herewith have previously been produced in prior litigation and are re-produced out of an abundance of caution.

Response to Request No. 2.

Plaintiff's Tax Returns to the extent available have previously been produced. Plaintiff did not file tax returns for years in which no tax returns were required to be filed. For certain years plaintiff filed tax returns but those tax returns are not longer in plaintiff's possession.

Response to Request No. 3

All documents in plaintiff's possession not previously produced are produced with this response. Many of the documents produced herewith have previously been produced in prior litigation and are re-produced out of an abundance of caution.

Response to Request No. 4

All documents in plaintiff's possession not previously produced are produced in response to this request. Many of the documents produced herewith have previously been

Exhibit 1

produced in prior litigation and are re-produced out of an abundance of caution.

Response to Request No. 16.

All documents not previously produced are produced in response to this request. Many of the documents produced herewith have previously been produced in prior litigation and are re-produced out of an abundance of caution.

Response to Request No. 28

All documents responsive to this request have been previously produced to defendant. Samples of t-shirts and hats were produced during plaintiff's deposition.

Response to Request No. 31 . All documents concerning all advertisement or promotion (including without limitation, advertisements in newspapers, magazines, radio, television, catalogues, posters and websites) of Plaintiff's goods or services using nay of the Marks.

Response to Request No. 38

To the extent that documents responsive to this request have not been previously produced, they are produced herewith. Many of the documents produced herewith have previously been produced in prior litigation and are re-produced out of an abundance of caution.

Response to Request No. 40.

All documents responsive to this request have been previously produced.

Response to Request No. 43

All documents responsive to this request have been previously produced.

ALBERT PATTERSON

By Charles Drake Boutwell

Charles Drake Boutwell
3075 Plum Island Drive
Northbrook, Il 60062
847-272-2126

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on March 8, 2005, he caused the service of
PLAINTIFF'S SECOND SUPPLEMENTAL ANSWERS TO DEFENDANTS' FIRST
SET OF INTERROGATORIES
on Jerry S. McDevitt, Curtis Krasik and Julie R. Fernstermaker, KIRKPATRICK &
LOCKHART LLP, Henry W. Oliver Building, 535 Smithfield Street, Pittsburgh, Pennsylvania
15222 and Shepard A. Davis, BURTON & DAVIS, LLP, 611 N. Broadway, Milwaukee, WI
53202 counsel for the Defendants World Wrestling Entertainment, Inc and Conopco, Inc. via
mail.

By: /s/ 
Plaintiff's Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALBERT PATTERSON,
d/b/a World Wrestling Association,
Superstars of Wrestling, Inc.,

Plaintiff,

v.

Case No. 02-C-0240

ANDREW McMANUS,
WORLD WRESTLING ALL-STARS, INC.,
WARNER COMMUNICATIONS, INC.,
HUGHES ELECTRONICS CORPORATION,
DIRECTV, INC., AND SPRING
COMMUNICATIONS II, LLC.
WORLD WRESTLING ENTERTAINMENT, INC.,
and IMPACT TALENT, INC.

Defendants.



DECISION AND ORDER
GRANTING DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION TO
DISMISS (DOC. # 55), DENYING PLAINTIFF'S MOTION TO COMPEL AGAINST
WORLD WRESTLING ENTERTAINMENT, INC. (DOC. # 59), GRANTING WORLD
WRESTLING ENTERTAINMENT, INC.'S REQUEST FOR REASONABLE COSTS AND
ATTORNEY'S FEES, DEEMING WITHDRAWN PLAINTIFF'S MOTION TO COMPEL
AGAINST WARNER COMMUNICATIONS, INC., DIRECTV, INC., AND SPRING
COMMUNICATIONS II, LLC (DOC. # 58), AND DENYING PLAINTIFF'S MOTION FOR
ENTRY OF DEFAULT AGAINST ANDREW McMANUS (DOC. # 57)

On November 14, 2003, this court conducted a hearing on all pending motions. Attorney Charles D. Boutwell appeared telephonically for the plaintiff, and Attorney Linda E. Hansen appeared for defendants World Wrestling All-Stars, Inc., Warner Communications, Inc., Hughes Electronics Corporation, DirectTV, Inc., and Spring Communications II, LLC. Attorneys Curtis B. Krasik and Shepard A. Davis appeared for defendants World Wrestling Entertainment, Inc. For the reasons set forth on the record,

Exhibit 2

IT IS ORDERED that defendant World Wrestling Entertainment, Inc.'s motion to dismiss is granted, without prejudice and subject to plaintiff's ability to amend his complaint in *Patterson v. World Wrestling Entertainment, Inc.*, Case No. 03-C-374 (E.D. Wis.).

IT IS ORDERED that plaintiff's motion to compel production of documents against World Wrestling Entertainment, Inc., is denied.

IT IS FURTHER ORDERED that defendant World Wrestling Entertainment, Inc.'s request for reasonable attorney's fees and costs incurred in opposing the motion to compel is granted pursuant to Rule 37(a)(4)(B). Defendant shall submit an itemized bill of costs for the court's review. Plaintiff shall have ten days to file any objection to defendant's submissions. The court retains jurisdiction over World Wrestling Entertainment, Inc., for the purpose of awarding fees and costs.

IT IS FURTHER ORDERED that plaintiff's motion to compel production of documents against Warner Communications, Inc., Hughes Electronics Corporation, DirectTV, Inc., and Spring Communications II, LLC, is deemed withdrawn. If the parties are unable to resolve their dispute within thirty days, the motion may be renewed.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment against Andrew McManus is denied.

Dated at Milwaukee, Wisconsin, this 14th day of November, 2003.

BY THE COURT

C. N. CLEVERT, JR.
U. S. District Judge

This ___14th___ day of ___Nov___, 2003, pursuant to Rule 77(d) Federal Rules of Civil Procedure, copies of this document were mailed by ___McGraw___ to the following parties:

Attorney Charles Drake Boutwell
3075 Plum Island Dr.
Northbrook, IL 60062

Attorney Linda E. Hansen
Patterson Thuente Skaar & Christensen
U. S. Bank Center
777 E. Wisconsin Ave., Suite 2000
Milwaukee, WI 53202-5345

Attorney Curtis B. Krasik
Kirkpatrick & Lockhart
535 Smithfield St.
Pittsburgh, PA 15222

Attorney Shepard A. Davis
Burton & Davis
611 N. Broadway - Ste. 335
Milwaukee, WI 53202