# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALBERT PATTERSON d/b/a
WORLD WRESTLING ASSOCIATION,
SUPERSTARS OF WRESTLING, INC,
and d/b/a W.W.A. SUPERSTARS,

                 **Plaintiff,**

   vs.

WORLD WRESTLING ENTERTAINMENT, INC.,
and GOOD HUMOR CORPORATION,
d/b/a GOOD HUMOR BREYERS ICE CREAM,

                **Defendants.**

Case No. 03-C-0374

WORLD WRESTLING ENTERTAINMENT,
INC.,

                **Counterclaimant,**

   vs.

ALBERT PATTERSON d/b/a
WORLD WRESTLING ASSOCIATION,
SUPERSTARS OF WRESTLING, INC,
and d/b/a W.W.A. SUPERSTARS,

                **Counter-defendant.**

## DECISION AND ORDER

The defendants World Wrestling Entertainment, Inc. ("WWE"), and Good Humor Corporation, d/b/a Good Humor Breyers Ice Cream ("Good Humor"), (collectively "the Defendants") have three pending motions seeking sanctions (one, in the alternative, seeks to compel) against the plaintiff Albert Patterson d/b/a World Wrestling Association, Superstars of Wrestling, Inc, and d/b/a W.W.A. Superstars ("Patterson"). These motions will be addressed in this decision and order. A separate decision will be issued addressing the Defendants' motion for summary judgment.

## DEFENDANTS' MOTION FOR SANCTIONS, OR IN THE ALTERNATIVE, MOTION TO COMPEL

The Defendants move the Court for an order sanctioning and/or compelling discovery from Patterson for "significant discovery misconduct" in this action. (Defs.' Mot. for Sanctions, or in the Alternative, Mot. to Compel at 1). The Defendants request an Order (1) entering default judgment against Patterson on the Defendants' counterclaims as a sanction under Fed. R. Civ. P. 37; (2) reimbursing the Defendants for attorneys' fees and costs incurred in connection with Patterson's prior deposition; (3) reconvening Patterson's deposition at his expense and directing Patterson to fully answer Defendants' counsel's questions, without evasion or obstruction, under Fed. R. Civ. P. 30(d)(2) and 30(d)(3); (4) precluding Patterson from introducing evidence of trademark use of "World Wrestling Association" or "WWA" prior to 1993; and (5) excluding all evidence, under Fed. R. Civ. P. 37(c)(1), Patterson has failed to disclose in response to Defendants' discovery requests and precluding Patterson from asserting any arguments or claims based on such undisclosed evidence.

The Defendants maintain that Patterson should be sanctioned for refusing to answer questions in his deposition concerning WWE's counterclaims in violation of the Court's November 10, 2004, decision and order and for improperly asserting the attorney-client privilege. The Defendants further claim Patterson's contumacious and obstreperous behavior throughout his deposition impeded their ability to fully and fairly conduct their examination. The Defendants also assert that Patterson did not to review records in his possession for documents responsive to the Defendants' document requests.

Patterson asserts that no further deposition should be necessary and, anyway, he made himself available for deposition for two complete days starting at 9:30 a.m. each day. He opposes any continuance of the deposition claiming that he was abused by the Defendants' counsel and they wasted their deposition time. Patterson maintains that he did not categorically refuse to answer questions regarding the counterclaims. Patterson also states that documents previously produced by either side in the prior litigation were not re-produced by either side.[1]

*Background*

Patterson filed a motion for a protective order deferring his deposition, which was scheduled for November 18, and 19, 2004, until the Court ruled on Patterson's motion to dismiss the counterclaims against him.

The Court issued an order on November 10, 2005, summarily denying the motion for a protective order because it was not accompanied by the certification, required under Fed. R. Civ. 26(c), and Civil L.R. 37.1 (E.D. Wis.), demonstrating that the movant had conferred in

---

[1] This summary does not include those arguments raised by Patterson which are not responsive to the Defendants' arguments.

–3–

good faith with other affected parties in an effort to resolve the dispute without court action.

Patterson appeared for his deposition at 10:00 a.m. on November 22, 2004. He stated he was late due to car problems. (*See* App. in Supp. of Defs.' Mot. for Sanctions or, in the alternative, Mot. to Compel ("App. in Supp. of Defs' Mot."), Tab 1 (Patterson Dep.) at 5.) The deposition adjourned at 5:39 p.m. and the parties agreed they would re-convene at 9:00 a.m the next day. (*Id*. at 264.) The following morning, Patterson arrived at 9:30 a.m. attributing his late arrival to blood sugar level problems. (*Id*. at 271-72.) The deposition was adjorned at 3:09 p.m. so that counsel for Patterson could depart for a scheduled airline flight, with Patterson's counsel indicating that the parties had agreed to a 3:00 p.m. adjournment. (*Id*. at 466-67.)

Review of the deposition transcript indicates that Patterson objected to many questions regarding the Defendants' counterclaim on the ground that the motion to dismiss was pending before the Court. He also objected to many questions on the basis of the attorney-client privilege.

*Analysis*

Rule 37(b) provides that a district court may impose various sanctions on a party who fails to comply with a court order. These sanctions enable a district court to prevent the parties to a lawsuit from "unjustifiably resisting discovery." Fed. R. Civ. P. 37 advisory committee's note (1970 amend.).

Specifically, Rule 37(b)(2) provides:

> If a party . . . fails to obey a court order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

> (C) An order . . . dismissing the action or rendering a judgment by
> default against the disobedient party.

*Halas v. Consumer Serv., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994). When a court dismisses an action or enters default judgment as a discovery sanction – severe penalties that effectively terminate a party's ability to prevail on the merits – the court must find that the party against whom sanctions are imposed displayed willfulness, bad faith or fault. *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001). Sanctions of dismissal of an action or entry of default are to be used "only in extreme situations." *Id*. at 937.

The Defendants assert that the Court rejected Patterson's motion for a protective order based on the pendency of his motion to dismiss the counterclaim. To the contrary, the Court denied the motion on procedural grounds. The Court did not address the merits of Patterson's motion for a protective order. The Court's ruling did not restrict Patterson's ability to raise objections to questions based on the pendency of his motion to dismiss the Defendants' counterclaim. Patterson's conduct was not in violation of this Court's order. Therefore, the Defendants may not avail themselves of the remedies of Fed. R. Civ. P. 37(b)(2).

However, the pendency of the motion to dismiss was not a proper objection based on the Federal Rules of Evidence. Further, Patterson's imposition of that objection did not excuse him from answering the questions posed. *See* Fed. R. Civ. P. 30(d)(1) ("A person may instruct the deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).") Patterson was required to answer the Defendants' questions regarding matters relevant to their counterclaims.

While the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure is broad,[2] privileged materials are excluded from those subject to discovery and a party being deposed may properly object on the ground of attorney-client privilege. *See* Fed. R. Civ. P. 30(d)(1). One of the oldest and most widely recognized privileges is the attorney-client privilege, which protects confidential communications made between clients and their attorneys for the purpose of securing legal advice. *In re Witness Before Special Grand Jury 2000-2*, 288 F.3d 289, 291 (7th Cir. 2002) (citing *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998)). Under the doctrine of attorney-client privilege, confidential communications between a client and an attorney for the purpose of obtaining legal advice are privileged. *Denius v. Dunlap*, 209 F.3d 944, 952 (7th Cir. 2000). A court cannot compel divulgence of these communications through discovery or testimony in civil or criminal matters. *Id.* Patterson could properly object and refuse to answer questions on the ground of the attorney-client privilege to preserve that privilege. *See* Fed. R. Civ. P. 30(b)(1).

However, this doctrine is a common law privilege that can be explicitly or implicitly waived by the client and is subject to a number of restrictions and exceptions. *Id.* "Knowing disclosure to a third party almost invariably surrenders the privilege with respect to

---

[2]Rule 26(b)(1) states:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (2000).

the world at large; selective disclosure is not an option." *Burden-Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003) (citing *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1126-27 (7th Cir. 1997); *United States v. Hamilton*, 19 F.3d 350, 353 (7th Cir. 1994)). Patterson may not rely on the privilege where he or, an attorney then representing him, knowingly disclosed the material to a third party, including the Defendants or their agents.

The party asserting the privilege has the burden of establishing that the information is protected. *See Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996); *Binks Mfg. v. Nat'l Presto Indus. Inc.*, 709 F.2d 1109, 1118-19 (7th Cir. 1983). Once it is established that information is protected, the party seeking to overcome that protection must show it has substantial need of the materials in the preparation of its case and cannot obtain the substantial equivalent of the information by other means without undue hardship. Fed. R. Civ. P. 26(b)(3); *See Logan*, 96 F.3d at 976.

The Defendants maintain Patterson was "contumacious and obstreperous" throughout his deposition and prevented them from obtaining the full and fair examination to which they were entitled. A reading of Patterson's deposition transcript reveals that the conduct of both parties was less than admirable, and they share the responsibility for disabling the discovery process. The deposition was marred by incivility and uncooperative conduct.

Nonetheless, Patterson should have answered questions seeking information pertinent to the Defendants' counterclaims and was required to answer questions about documents for which he or his prior attorney waived the attorney-client privilege. Having carefully considered the circumstances, the Court will allow the Defendants five more hours of

–7–
Case 2:03-cv-00374-RTR    Filed 08/29/05    Page 7 of 13    Document 100

deposition time to obtain information from Patterson pertaining to the prosecution of their counterclaims.

As will be further outlined, such deposition will be conducted after September 9, 2005, and no later than October 11, 2005. In that respect, the Defendants' alternative motion to compel is granted as stated. The Defendants may submit a petition for the Court for an award of reasonable expenses incurred in bringing their motion for sanctions or to compel. *See* Fed. R. Civ. P. 37(a)(4)(A). The briefing of the petition shall be governed by Civil L.R. 7.1 (E.D. Wis.).

## MOTIONS FOR SANCTIONS RE: COURT'S FEBRUARY 8, 2005, DECISION AND ORDER

The Defendants filed two motions relating to the Court's February 8, 2005, decision and order which granted, in part, an earlier motion to compel filed by the Defendants. By their April 22, 2005, motion for sanctions, the Defendants seek sanctions for Patterson's violation of the Court's February 8, 2005, order. Patterson did not respond to the motion within the time allotted by the local rules. Thereafter, the Defendants filed a Rule 7.4 Expedited Non-Dispositive Motion for Entry of Order Regarding Unopposed Motion for Sanctions.

The Defendants seek sanctions pursuant to Fed. R. Civ. P. 37, requesting dismissal of all of Patterson's claims. Alternatively, the Defendants seek an Order: 1) excluding all evidence that Patterson has failed to produce in violation of the Court's February 8, 2005, decision and order and precluding Patterson from asserting any arguments or claims based on such undisclosed evidence; 2) establishing in this action that Patterson did not make trademark use of "World Wrestling Association" and "WWA" prior to 1993 (the date the Defendants identify as Patterson's earliest use of those names on the existing record), and precluding

Patterson from introducing evidence of trademark use of "World Wrestling Association" and "WWA" prior to 1993; and, (3) any other appropriate relief.

*Background*

The Court's February 8, 2005, decision and order directed Patterson to respond no later than March 8, 2005, to the Defendants' First Set of Interrogatories Nos. 3(vii), 5, 6, 7(ii) & 7(iii) and the Defendants' First Request for Production of Documents Nos. 2, 3, 4, 16, 28, 31, 38, and 40 through 43, consistent with the Court's decision and order. Patterson served the Defendants with the "Plaintiff's Supplemental Responses to Defendants' Request to Produce Documents" ("Pl's Supplemental Resp."). That document states that "documents previously produced" are not again produced. The term "document previously produced" is defined as

> all documents filed as Exhibits to the Complaint or any amended complaint, any pleading or brief filed with the court, any deposition taken in connection with this litigation with the defendant and attached as an Exhibit to that deposition and served on the defendant and document [sic] produced in prior litigation with the defendant, or produced as Exhibits in any proceeding before the United States Patent and Trademark Office, of which the defendants received a copy.

(Pl.'s Supplemental Resp. at 1.) Nonetheless, Patterson's supplemental response further states: "Many of the documents produced herewith have previously been produced in prior litigation and are re-produced out of an abundance of caution." (*Id*.) Documents totaling 100 pages were produced on about March 8, 2005.

After messages to Patterson's attorney were not returned, counsel for the Defendants advised Patterson's counsel by letter dated March 23, 2005, that the Defendants believed Patterson violated this Court's order. Defendants' counsel sought confirmation that

Patterson had not produced certain documents that he maintained had been produced in the 1990 litigation.

Thereafter, Patterson's counsel spoke to Defendants' counsel advising that he (Patterson's counsel) would make available to the Defendants for copying all such documents in Patterson's possession, custody and control in response to the document requests addressed in this Court's February 8, 2005, order including, specifically, Document Requests Nos. 4, 16, 28, and 31. Defendants' counsel confirmed these representations in a letter dated March 29, 2005. As of the April 22, 2005, filing date of the Defendants' motion for sanctions, the Defendants had not received the promised outstanding Court-ordered materials.[3]

*Analysis*

While the Defendants' motion is broadly worded, the crux is Patterson's reliance on his prior production of documents in the 1990 litigation in this district before United States District Court Judge Thomas J. Curran, with respect his responses to Document Request Nos. 16, 28, 31 and 4.

Patterson attempts to justify his failure to provide the documents in question by relying on the fact that they were already disclosed in the 1990 litigation. He maintains that neither side produced documents that were produced in the previous litigation. Patterson implies the existence of a tacit agreement such that both sides believed it was unnecessary to re-produce the documents in question  Patterson makes unsupported assertions in his brief and has not presented any evidence suggesting the existence of such an agreement.

---

[3] Apparently, the Defendants received additional documents on June 6, 2005. *See* Defs.' Reply to Pl.'s Mem. in Opp'n to Defs.' Mot. For Summ. J. at 15n.7.

The Court will not tolerate Patterson's blatant failure to fully comply with the February 8, 2005, order. The order did not allow for the exercise of discretion by Patterson in his production. Instead, the Court's order explicitly granted the Defendants' motion to compel as to their Requests for the Production of Documents Nos. 4, 16, 28, and 31, and set a deadline for that production. In this instance, Patterson is in violation of the Court's order and the full panoply of possible sanctions under Fed. R. Civ. P. 37(b)(2), including dismissal of his complaint and/or default judgment against him on the Defendants' counterclaim, are options which could be exercised by the Court.

Having carefully considered the situation, the Court directs that, no later than September 9, 2005, Patterson shall serve upon the Defendants any and all documents within the scope of Defendants' Document Requests Nos. 4, 16, 28, and 31. Any information withheld by Patterson will be subject to Fed. R. Civ. P. 37(c)(1). No later than October 11, 2005, Patterson's deposition will be reconvened for a total of five hours at his expense to address the information he withheld. These sanctions are appropriate to restore the loss incurred by the Defendants as a result of Patterson's disregard of this Court's February 8, 2005, Order. The Defendants may also, in their petition, include a request for an award of reasonable expenses incurred in bringing their motions for sanctions. *See* Fed. R. Civ. P. 37(b)(2).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Defendants' motion for an order (Docket No. 56) is **DENIED** as to sanctions and **GRANTED** as to compelling discovery to the extent that Patterson shall make himself

available to the Defendants for five additional hours of deposition time[4] and **DENIED** in all other respects.

The deposition **SHALL** take place between September 9, 2005, and October 11, 2005.

The Defendants may submit a petition for the Court for an award of reasonable expenses incurred in bringing the motions for sanctions and/or to compel. The briefing of the petition shall be governed by Civil L.R. 7.1(E.D. Wis.).

The Defendants' motion for sanctions for Patterson's violation of the Court's February 8, 2005, order (Docket No. 72) and the Defendants' Rule 7.4 Expedited Non-Dispositive Motion for Entry of Order Regarding Unopposed Motion for Sanctions (Docket No. 85) are **GRANTED** as follows:

    1) No later than September 9, 2005, Patterson **SHALL** serve upon the Defendants any and all documents within the scope of Defendants' Document Requests Nos. 4, 16, 28, and 31,

    2) Any information withheld by Patterson will be subject to Fed. R. Civ. P. 37(c)(1),

    3) No later than October 9, 2005, Patterson's deposition **SHALL** be reconvened for five hours at his expense to address the information he withheld,

    4) The dates set forth in this order **SHALL** not be modified without obtaining approval of this Court.

---

[4] The five-hour period is the total additional time for deposition of Patterson, not two five hour periods.

5) The Defendants may also, in their petition, include a request for an award of reasonable expenses incurred in bringing their motions for sanctions.

Dated at Milwaukee, Wisconsin this 29th day of August, 2005.

>**BY THE COURT**
>
>**s/ Rudolph T. Randa**
>
>**Hon. Rudolph T. Randa**
>**Chief Judge**