| | |
|---|---|
| ALBERT PATTERSON d/b/a<br>WORLD WRESTLING ASSOCIATION,<br>SUPERSTARS OF WRESTLING, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD WRESTLING ENTERTAINMENT,<br>INC. and GOOD HUMOR CORPORATION<br>d/b/a Good Humor Breyer's Ice Cream<br><br>Defendants. | Civil Action No. 03-C-0374 |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## JANUARY 9, 2006 LETTER TO THE COURT

Defendants World Wrestling Entertainment, Inc. ("WWE") and Good Humor Corporation, now known as Conopco, Inc. d/b/a Good Humor-Breyers Ice Cream ("Good Humor") (collectively, the "Defendants") respectfully submit this response to Plaintiff Albert Patterson's ("Patterson") January 9, 2006 letter to the Court.

While burdening this Court with yet additional extraneous and inappropriate materials, Patterson's January 9 letter still fails to address any of Defendants' multiple dispositive arguments mandating the dismissal of Patterson's claims on summary judgment. In fact, to the extent that such information has any conceivable relevance to this action, it actually: (1) fatally negates Patterson's only argument on likelihood of confusion—the *sine qua non* of his trademark infringement and unfair competition claims, and (2) confirms Patterson's systematic assertion of misrepresentations to support his abusive litigation.

The only matter from Patterson's letter relevant to these proceedings is that the U.S. Patent and Trademark Office ("PTO") has approved Patterson's WORLD WRESTLING ASSOCIATION mark to be published for opposition, the procedural step prior to registration. In so doing, the PTO has concluded—as Defendants have contended throughout this litigation—that there is no likelihood of confusion between WORLD WRESTLING ASSOCIATION and WWE's WORLD WRESTLING FEDERATION and/or WORLD WRESTLING ENTERTAINMENT marks, and the marks therefore can coexist on the trademark registry and in the marketplace.

The absence of such a likelihood of confusion, as now concluded by the PTO, mandates that Patterson's claims for trademark infringement and unfair competition fail as a matter of law. *See Ziebart Int'l Corp. v. After Market Assoc., Inc.*, 802 F.2d 220, 225 (7th Cir. 1986) ("The key question in determining whether there has been infringement under federal trademark law . . . is whether there is a likelihood of confusion by the consuming public."); *Madison Reprographics, Inc. v. Cook's Reprographics, Inc.*, 552 N.W.2d 440, 446 (Wis. Ct. App. 1996) (finding that Wisconsin state trademark law applies same standard as under federal trademark law).

Moreover, Patterson's only response to Defendants' summary judgment argument of no likelihood of confusion—albeit supported by <u>no evidence</u> under any of the relevant factors identified by the Seventh Circuit, *see Sullivan v. CBS Corp.*, 385 F.3d 772, 776 (7th Cir. 2004)—was that the PTO supposedly "found a likelihood of confusion" as a result of its preliminary rejection of his trademark application for WORLD WRESTLING ASSOCIATION based on WWE's preexisting marks. The PTO's ultimate conclusion that there is no likelihood of confusion between Patterson's WORLD WRESTLING ASSOCIATION mark and WWE's WORLD WRESTLING FEDERATION and WORLD WRESTLING ENTERTAINMENT marks now forecloses

2

Patterson's only asserted defense to summary judgment on the fundamental prerequisite of Patterson's claims.[1]

Accordingly, Patterson's January 9 Letter is significant only to confirm that Patterson has no defense to the dismissal of his claims on summary judgment. *Sullivan,* 385 F.3d at 776 (affirming entry of summary judgment for the defendant based on the plaintiff's "failure to submit enough evidence on the likelihood of confusion point to survive summary judgment"); *Packman v. Chi. Tribune Co.,* 267 F.3d 628, 643 (7th Cir. 2001) ("Although likelihood of confusion is a question of fact, the issue may be resolved on summary judgment where the evidence is so one-sided that there can be no doubt about how the question should be answered.") (citations omitted); *Door Sys., Inc. v. Pro-Line Door Sys., Inc.,* 83 F.3d 169, 171 (7th Cir. 1996) (affirming entry of summary judgment for the defendant because "there is no reasonable likelihood that any significant number of consumers could mistake the defendant for the plaintiff").

The remaining matters raised in Patterson's January 9 Letter are wholly irrelevant this action and certainly do not help Patterson to avoid the dismissal of his claims on summary judgment.[2] However, Document 2A, purportedly reflecting a consent injunction Patterson obtained against TNA Entertainment, LLC, ("TNA") is noteworthy in that it confirms—on top of the numerous assertions in Patterson's opposition to Defendants' Motion for Summary Judgment demonstrated by Defendants to be patently

---

[1] It should be noted that the PTO merely reviews the applicant's trademark application and submitted specimen of use. The PTO does not conduct any analysis of the applicant's actual use of the mark in commerce. In approving Patterson's WORLD WRESTLING ASSOCIATION mark to be published for opposition, therefore, the PTO did not consider Defendants' argument in support of their Motion for Summary Judgment that Patterson has not made bona fide use of his purported marks in commerce.

[2] In addition to their irrelevance, Documents 4A and 5A on their face contradict Patterson's claim that the documents supposedly were not available at the time of Patterson's summary judgment filings. To the contrary, the documents reflect filings WWE made with the PTO on or about March 5, 2005. Such information undeniably was available to Patterson at the time he filed his opposition to Defendants' Motion for Summary Judgment nearly three months later on June 2, 2005.

3

false—Patterson's proclivity for misrepresentations to this Court. TNA recently filed a motion (attached as Exhibit 1) with Magistrate Judge Callahan of this Court seeking to vacate the consent injunction and sanction Patterson and his counsel. TNA asserts that the consent injunction was "procured by material misrepresentation of facts made by Plaintiff [Patterson]" during a mediation facilitated by Magistrate Judge Goodstein. The specific bases for TNA's motion are set forth in an accompanying brief filed under seal.

Accordingly, to the extent the Court considers Patterson's January 9, 2006 letter in any respect, it: (1) forecloses any argument that there is a likelihood of confusion between Patterson's WORLD WRESTLING ASSOCIATION mark and WWE's WORLD WRESTLING ENTERTAINMENT and WORLD WRESTLING FEDERATION mark, thus mandating the dismissal of Patterson's claims on summary judgment, and (2) confirms Patterson's systematic use of misrepresentations to support his abusive litigation.

Dated: January 19, 2006

Respectfully submitted,

Shepard A. Davis
BURTON & DAVIS, LLP
611 N. Broadway
Milwaukee, Wisconsin 53202
Telephone: (414) 224-8000
Fax: (414) 224-7511

Jerry S. McDevitt
Curtis B. Krasik
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222

Telephone: (412) 355-6500
Fax: (412) 355-6501

Attorneys for Defendants World
Wrestling Entertainment, Inc. and
Conopco, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served this 19th day of January, 2006, by U.S. Mail postage prepaid, upon the following:

>Charles Drake Boutwell
>3075 Plum Island Drive
>Northbrook, IL 60062

_[signature]_

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALBERT PATTERSON, d/b/a WORLD WRESTLING ASSOCIATION, SUPERSTARS OF WRESTLING, INC., and d/b/a W.W.A. SUPERSTARS,<br><br>Plaintiff,<br><br>v<br><br>TNA ENTERTAINMENT, LLC,<br><br>Defendant.<br>_____/ | Case No. 04-C-0192<br><br>MAGISTRATE JUDGE<br>WILLIAM E. CALLAHAN <br><br>**MOTION OF DEFENDANT TNA ENTERTAINMENT, LLC FOR RELIEF FROM JUDGMENT, TO RESCIND SETTLEMENT AGREEMENT, VACATE INJUNCTION, REINSTATE ACTION AND FOR SANCTIONS, AND MOTION TO ALLOW FILING OF SUPPORTING BRIEF UNDER SEAL** |
| Charles D. Boutwell<br>Boutwell Law Office<br>Attorney for Plaintiff<br>3075 Plum Island Drive<br>Northbrook, IL 60062<br>(847) 272-2126<br>_____/ | Douglas A. Donnell (P33187)<br>Jennifer A. Puplava (P58949)<br>Mika Meyers Beckett & Jones, PLC<br>Attorneys for Defendant TNA Entertainment<br>900 Monroe Avenue, N.W.<br>Grand Rapids, MI 49503<br>(616) 632-8000 |

NOW COMES Defendant TNA Entertainment, LLC, by and through its attorneys, and hereby moves this Honorable Court pursuant to Fed. R. Civ. P. 60(b)(3) for an order vacating the Injunction issued with consent of the parties by this Court on December 16, 2005, vacating this Court's Order of Dismissal dated December 16, 2005, setting aside the parties' settlement agreement placed on the record with Magistrate Judge Goodstein on December 16, 2005 reinstating this action, and awarding sanctions, upon the ground that the settlement between the parties was procured by material misrepresentation of facts made by Plaintiff during the settlement discussions, all as more fully set forth in the supporting Brief filed herewith under seal. The legal and factual grounds for this Motion are described in detail in TNA's Brief and

*Exhibit 1*

they pertain to the Court ordered settlement mediation which occurred on December 16, 2005, and which was facilitated by Magistrate Judge Goodstein. Since that settlement mediation was intended to be confidential as indicated by Magistrate Judge Goodstein at the outset of the mediation and as indicated in this Court's Order dated November 7, 2005, Defendant TNA also moves this Court to allow filing of TNA's Brief under seal pursuant to Local Rule 79.4 so this Court can determine whether this Court, or Magistrate Judge Goodstein, or another magistrate judge, should read the Brief and decide this Motion.

Respectfully submitted,

MIKA MEYERS BECKETT & JONES PLC
Attorneys for Defendant TNA Entertainment

Dated: 1-19-06

By: _____
Douglas A. Donnell (P33187)
Jennifer A. Puplava (P58949)
900 Monroe Ave., N.W.
Grand Rapids, MI 49503
(616) 632-8000

H:\DAD\CLN\TNAEntertainment\motion.relief.judgment.doc
1/19/2006 1:26 PM

rrr

# BURTON & DAVIS, LLP
### ATTORNEYS AT LAW

THE LOYALTY BUILDING
611 NORTH BROADWAY, SUITE 335
MILWAUKEE, WISCONSIN 53202

MICHAEL R. BURTON*
SHEPARD A. DAVIS
*Also Admitted in Illinois

AREA CODE: 414
PHONE: 224-8000
FAX: 224-7511

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
06 JAN 19 P3:22
SOFRON B. NEDILSKY
CLERK

January 19, 2006

**VIA HAND DELIVERY**

Clerk of Courts
U.S. District Court for
 the Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

Dear Clerk:

RE: *Patterson v. WWE, et al.*
Case No. 03-C-0374

I present for filing an original and one copy of Defendants' Response to Plaintiff's January 9, 2006 Letter to the Court, with attached Certificate of Service. I also enclose two additional copies. Please file this pleading, file-stamp the extra copies, and return them to the waiting messenger. Your attention to this matter is greatly appreciated.

As reflected in the Certificate of Service, service is being effectuated by mail on the same date as the date hereof.

Sincerely,

Burton & Davis, LLP

Shepard A. Davis

cc   Atty. Charles Drake Boutwell (via mail)
     Atty. Curtis B. Krasik (via mail)