IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALBERT PATTERSON d/b/a <br> WORLD WRESTLING ASSOCIATION, <br> SUPERSTARS OF WRESTLING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> WORLD WRESTLING ENTERTAINMENT, <br> INC. and GOOD HUMOR CORPORATION <br> d/b/a Good Humor Breyer's Ice Cream <br><br> Defendants. | Civil Action No. 03-C-0374 |

## WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION TO VOLUNTARILY WITHDRAW COUNTERCLAIMS WITHOUT PREJUDICE

Pursuant to Fed.R.Civ.P. 41(a)(2), counterclaim-plaintiff World Wrestling Entertainment, Inc. ("WWE") respectfully moves to voluntarily withdraw its counterclaims against counterclaim-defendant Albert Patterson ("Patterson") in the above-captioned action without prejudice, and in support thereof states as follows:

1. On or about April 29, 2003, Patterson filed a Complaint against Defendants asserting claims of trademark infringement and unfair competition.

2. As part of Defendants' Answer and Counterclaims dated April 19, 2004, WWE asserted counterclaims against Patterson for (i) abuse of process; (ii) unfair competition under the Lanham Act; (iii) tortious interference; and (iv) trade libel.

3. By Decision and Order dated January 31, 2006, this Court granted Defendants' Motion for Summary Judgment dismissing all of Patterson's claims in their entirety.

4. Trial on WWE's counterclaims is scheduled to begin on March 20, 2006, and is expected by the parties to last at least six days.

5. Based on facts learned in discovery as well as other facts known to WWE, it does not appear that Patterson has any money sufficient to pay a judgment rendered against him. Indeed, Patterson has not bothered to pay taxes for decades, claiming he has no income (except evidently what he uses to pay counsel fees to harass WWE). WWE believes the whole point of his harassment of WWE through the years has been to try to get money for nothing.

6. Although WWE believes that its counterclaims are meritorious and indeed ultimately would be successful, WWE does not wish to incur the significant attorneys' fees and expenses that would be required to prepare for trial and to take its counterclaims to judgment faced with essentially no prospect of recovering any damages even it were to prevail.

7. On February 14, 2006, Patterson filed a Motion for Reconsideration of the Court's January 31, 2006 Decision and Order (the "Motion for Reconsideration"). Defendants filed their Response in Opposition to Patterson's Motion for Reconsideration (the "Opposition") on February 21, 2006. For the many reasons described in detail in Defendants' Opposition, Patterson's Motion for Reconsideration is improper and unwarranted as a matter of fact and law.

8. As discussed at the parties' Final Pretrial Conference, WWE's Petition and Supplemental Petition for Attorneys' Fees and Costs submitted pursuant to the Court's August 29, 2005 Order remain pending before the Court. WWE believes that the entry of such sanctions is warranted and necessary to provide a sufficient

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served this 23rd day of February, 2006, by United States mail, postage prepaid, upon the following:

Charles Drake Boutwell
3075 Plum Island Drive
Northbrook, IL 60062

*[signature]*

deterrent against further abusive conduct by Patterson towards WWE.

Accordingly, WWE respectfully requests that the Court enter an order awarding a specific, monetary sanction against Patterson before entering a final judgment in this action.

9. WWE requests that it be granted leave to reinstate WWE's counterclaims in the event that Patterson were successful in any appeal of this action.

WHEREFORE, pursuant to Fed.R.Civ.P. 41(a)(2), WWE respectfully requests that, contingent upon the denial of Patterson's Motion for Reconsideration, this Court enter the attached proposed order dismissing WWE's counterclaims without prejudice and granting WWE monetary sanctions in the amount set forth in WWE's Petition and Supplemental Petition for Attorneys' Fees and Costs submitted pursuant to the Court's August 29, 2005 Order.

Respectfully submitted,

Dated: February 23, 2006

By: *[signature]*

Shepard A. Davis
BURTON & DAVIS, LLP
611 N. Broadway
Milwaukee, Wisconsin 53202
Telephone: (414) 224-8000
Fax: (414) 224-7511

Jerry S. McDevitt
Curtis B. Krasik
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-6500
Fax: (412) 355-6501

Attorneys for Defendants World Wrestling Entertainment, Inc. and Conopco, Inc.

3

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALBERT PATTERSON d/b/a ) <br> WORLD WRESTLING ASSOCIATION, ) <br> SUPERSTARS OF WRESTLING, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WORLD WRESTLING ENTERTAINMENT, ) <br> INC. and GOOD HUMOR CORPORATION ) <br> d/b/a Good Humor Breyer's Ice Cream ) <br> ) <br> Defendants. ) | Civil Action No. 03-C-0374 |

## ORDER

AND NOW this ___ day of _____, 2006, upon consideration of counterclaim-plaintiff World Wrestling Entertainment, Inc.'s ("WWE") Motion to Voluntarily Withdraw Counterclaims without prejudice pursuant to Fed.R.Civ.P. 41(a)(2), and the Court's denial of Albert Patterson's ("Patterson") Motion for Reconsideration of the Court's January 31, 2006 Decision and Order, it is hereby ORDERED that WWE's counterclaims in the above-referenced action are hereby dismissed without prejudice with leave to reinstate such counterclaims in the event that Patterson were successful in any appeal of this action.

It is further ORDERED that, upon consideration of WWE's Petition and Supplemental Petition for Attorneys' Fees and Costs submitted pursuant to the Court's August 29, 2005 Order, Patterson shall pay $_____ to WWE within ten (10) days of this Order.

_____
Honorable Rudolph T. Randa
Chief Judge