**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**WORLD WRESTLING ENTERTAINMENT, INC.,**

              **Counterclaimant,**

v.                                 **Case No. 03-C-374**

**ALBERT PATTERSON d/b/a**
**WORLD WRESTLING ASSOCIATION,**
**SUPERSTARS OF WRESTLING, INC.,**
**and d/b/a W.W.A SUPERSTARS,**

              **Counter-defendants.**

---

**DECISION AND ORDER**

---

*Background*

       Nine motions and a petition and supplemental petition for attorney's fees and expenses are pending in this action for unfair competition and trademark infringement between two competitors in the wrestling entertainment field. This case is set for a final pretrial conference and a trial during September of this year on the counterclaims of defendant World Wrestling Entertainment, Inc. ("WWE"). However, among the pending motions, is WWE's motion to withdraw those counterclaims. The pending motions and petitions are addressed herein.

*Sanctions Related Matters/Motions*

       Almost a year ago, this Court issued a decision and order addressing a motion for sanctions/to compel filed by the defendants WWE and Good Humor Corporation, d/b/a Good

Humor Breyer's Ice Cream ("Good Humor") (collectively "the Defendants"). Three motions were addressed in that decision and order. The Court denied the Defendants' motion (Docket No. 56) as to sanctions and granted, in part, the alternative relief sought compelling discovery to the extent that Patterson was directed to make himself available to the Defendants for five additional hours of deposition time. (Court's August 29, 2005, Decision and Order 12.) The Court stated that the Defendants could submit a petition for an award of reasonable expenses incurred in bringing that motion. (*Id*. at 8 (citing Fed. R. Civ. P. 37(a)(4)(d)) & at 12.)

The Court also granted the Defendants' motions for sanctions for Patterson's violation of the Court's February 8, 2005, Decision and Order (Docket No. 72) and the Defendants' Rule 7.4 expedited non-dispositive motion for entry of an order regarding unopposed motion for sanctions (Docket No. 85). (Court's August 29, 2005, Decision and Order 12.) The Court expressly found that Patterson was in violation of the Court's February 8, 2005, Decision and Order, directing him to respond no later than March 8, 2005, to specified requests in the Defendants' First Request for Production of Documents. (*Id*. at 11.) The Court held that Patterson was subject to the full panoply of possible sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure. (*Id*.) The Court's August 29, 2005, Decision and Order included a directive that Patterson's deposition be reconvened for five hours at his expense to address information that he withheld. (*Id*.) The Court also stated that the Defendants could include in their petition a request for a reasonable award of expenses incurred in bringing their motions for sanctions. (*Id*.)

2

On September 9, 2005, the Defendants filed a petition seeking $54,263.39 in attorney's fees and expenses they incurred bringing their January 21, 2005, motion for sanctions or, in the alternative, to compel, and their April 22, 2005, motion for sanctions (Docket No. 104). In support of their request, the Defendants submitted the affidavit of Curtis B. Krasik ("Krasik") (Docket No. 105), outside counsel for the Defendants. Krasik has been principally responsible for litigating this action on the Defendants' behalf.

On September 20, 2005, Patterson filed a motion seeking sanctions against WWE and for reconsideration of the Court's order imposing sanctions (Docket No. 107). Patterson asserts that the amount sought is excessive, the Defendants' have not verified that the fees and "costs" were necessary under 28 U.S.C. § 1924, and Krasik's affidavit is not based on personal knowledge because he did not review the underlying computer documentation of the entries that he swore were accurate. Specifically, Patterson objects to total photocopying charges of $2,544.35, computer database research charges of $8,469.78, and the charge of $5,750 for videos. Patterson also objects to charges based on work done by M. H. Sepp ("Sepp"), the number of attorney hours expended on the sanctions brief, and the basis for the hourly rate.

Patterson also seeks reconsideration of the Court's August 29, 2005, Decision and Order to the extent it was based on a finding that Patterson failed to comply with the Court's February 8, 2005, Decision and Order. As to his request for reconsideration, Patterson proffers the affidavit of his attorney, Charles Drake Boutwell ("Boutwell"), to establish his good faith compliance with the Court's order. Patterson states that the Defendants' petition for fees and expenses is sanctionable.

The Defendants filed a consolidated reply to Patterson's response to their petition for attorney's fees and in opposition to Patterson's motion for sanctions and for reconsideration.

The Defendants also filed a supplemental petition for attorney's fees and expenses incurred in reconvening Patterson's deposition as directed by the Court's August 29, 2005, Decision and Order (Docket No. 124). In his supporting affidavit, Krasik avers that there were $3,986.91 in direct expenses and $6,110.00 in ancillary expenses for a total of $10,097.91 expended in reconvening Patterson's deposition (Docket No. 125).

Patterson asserts that the Defendants' supplemental petition "grossly exaggerate[s]" their fees and expenses. Patterson also objects to the video expense of the deposition, the charge for airfare, lodging and attorney travel time to and from Milwaukee, the 14.20 hours of preparation time for the deposition, and the time expended by A.L. Kunic ("Kunic"). Furthermore, Patterson objects to the charge of $23.50 for investigating the current status of WWE's marks contending that it was unrelated to Patterson's deposition.

Patterson filed a request for leave to file a surreply to the Defendants' petition in support of fees and costs (Docket No. 117). He asserts that the Defendants raised new issues in their reply brief.

*Analysis*

At the outset, Patterson's request for leave to file a surreply is denied (Docket No. 117). The factual representations made in the Defendants' reply brief, which Patterson claims are "new issues," are tangential and do not warrant a surreply. Patterson's other arguments

4

regarding 28 U.S.C. § 1924 are not responsive to new arguments raised by the Defendants. Rather, they are just an effort by Patterson to have the final word.

Before addressing the issues raised, the Court notes that its August 29, 2005, Decision and Order used the phrase "reasonable expenses." That phrase appears in Rule 37 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(4) & 37 (b)(2). In submitting their expense petitions, the Defendants have used the term "costs," presumably as a synonym for "expenses." Patterson has also used the term "costs." To avoid confusion, the Court has substituted the term "expenses," except when addressing Patterson's arguments or legal authority regarding referring to "costs."

Patterson has presented challenges to the Defendants' initial and supplemental expense petitions based on statutes relevant to an award of "costs" under Rule 54(d) of the Federal Rules of Civil Procedure. Patterson relies upon 28 U.S.C. § 1924 which provides:

> **Before any bill of costs is taxed**, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

(emphasis added.) "Although 'costs' have an everyday meaning synonymous with 'expenses,' the concept of taxable costs under Rule 54(d) is more limited." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*, § 2666 (3d ed. 1998). "Costs" under Rule 54(d) are not equivalent to "expenses," but include only such items as court fees and witness fees. *See Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 655-56 (7th Cir. 1981).

5

Patterson's argument regarding the applicability of § 1924 to Krasik's affidavit, treats "costs" as a synonym for "expenses." But, Patterson has not established that the Defendants' expense petitions are subject to the requirements of 28 U.S.C. § 1924.

In his motion for sanctions and reconsideration, Patterson seeks sanctions against the Defendants asserting that Krasik's affidavit is false and issues a volley of additional objections to the affidavit. Patterson's objections warrant consideration in the Court's assessment of the proper amount of the award sought. However, Patterson's challenges do not provide a basis for the imposition of sanctions against the Defendants based on the representations in the Krasik affidavit. Therefore, that portion of Patterson's motion which seeks sanctions is denied.

Patterson also requests reconsideration of the Court's prior determination that he failed to comply with the Court's February 8, 2005, Decision and Order. Patterson maintains that he, in good faith, attempted to comply with the Court's order. The supporting Boutwell affidavit describes conversations between Boutwell and Krasik regarding the photocopying of documents, which Boutwell avers occurred prior to the March 8, 2005, production deadline and provides information about the arrangements for the copying of the documents.

Patterson did not file a response to the Defendants' April 22, 2005, motion for sanctions, or to their May 25, 2005, Rule 7.4 expedited non-dispositive motion for entry of an order regarding their unopposed motion for sanctions. Patterson proffers the Boutwell affidavit nearly five months after the motion for sanctions was filed (and 22 days after the issuance of the Court's August 29, 2005, Decision and Order). Patterson has presented no explanation for

6

his delay. Patterson has not persuaded this Court that it should reconsider its prior determination that Patterson failed to comply with the Court's February 8, 2005, Decision and Order. Therefore, that portion of Patterson's motion which seeks such reconsideration is denied.

With respect to the Defendants' petitions for attorney's fees and costs, the district courts possess wide latitude in fashioning appropriate sanctions and evaluating the reasonableness of the requested attorney's fees. *See Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 739 & n.5 (7th Cir. 1998) (Rule 37 sanctions); *Alexander v. Gerhardt Enter., Inc.*, 40 F.3d 187, 193-94 (7th Cir. 1994) (attorneys' fees). The Court's determination of reasonable attorney's fees under Rule 37 is normally made using the "lodestar" method of *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Attorney's fees are assigned a "lodestar" amount, "calculated by multiplying the number of hours the attorney reasonably expended on the litigation multiplied by a reasonable hourly rate." *See Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (citing *Hensley*, 461 U.S. at 433)). The district court "should exclude from this initial fee calculation hours that were not 'reasonably expended'. . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The fee claimant bears the burden of substantiating the hours worked and the rate claimed. *Estate of Borst v. O'Brien*, 979 F.2d 511, 515 (7th Cir.

7

1992). Once the attorney has done so and submitted a lodestar, the district court may increase or decrease the amount in light of the *Hensley* factors. *Mathur*, 317 F.3d at 742. These factors include the time and labor required, the novelty and difficulty of the questions, the skill needed to perform the legal services properly, the amount involved and results obtained, the time limitations imposed by the case, and the experience, and reputation and ability of the lawyers. *See Id.* at 742 n.1. The most important factor is the degree of success obtained. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999).

A "concise but clear explanation" should accompany any modification by the district court of the submitted lodestar. *See Spellan v. Bd. of Educ. for Dist. 111*, 59 F.3d 642, 645 (7th Cir. 1995). "The court may not cut down the requested fees by an arbitrary amount just because they seem excessive." *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 946 (7th Cir. 1997). The court should include a discussion of whether the attorney's fees claimed should be reduced with respect to the litigant's unsuccessful claims. *See Spellan*, 59 F.3d at 646.

In their initial petition, the Defendants request an award of $46,280.25 in attorney's fees incurred in bringing their motions. Krasik avers that the billing rates and expenses charged by his firm and those associated with local counsel were consistent with and reasonable for the billing rates generally charged by the two firms for legal work of this nature. Though billing rates are not specified, the Court has calculated that Krasik affidavit includes the hourly rates of J. S. McDevitt ("McDevitt") at $500, Krasik at $280, Sepp at $140, A.

Lambert ("Lambert") at $165.00, and Kunic at $110. The hourly rate charged by local counsel was $155.

An attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate. *See Mathur*, 317 F.3d at 743. The Defendants have provided the Court with the actual rates billed by their attorneys (and paid by the Defendants). Patterson has not rebutted that showing. Consequently, the hourly rates charged in filing and pursuing the Defendants' motion for sanctions and, in the alternative, to compel, and in the motion for sanctions are allowed.

Patterson objects to the inclusion of hours for work done by Sepp preparing video clips and a video brief. He states that such work is clerical work, not legal work and is not compensable, citing *Spegon*, 175 F.3d at 553. In *Spegon*, the court stated that the relevant inquiry for requested paralegal fees is "whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay scale ladder." *Id.* (citation omitted). The tasks discussed in *Spegon*, as insufficiently complex, were organizing file folders, document preparation and copying documents. *Id.* Patterson has not established the challenged work by Sepp is analogous to non-compensable clerical work.

Patterson also maintains that the fees sought by the initial fee petition are excessive. The Court has reviewed the accompanying billing records and finds that the time spent on conferences, research, drafting and revising of briefs, and compilation of the video excerpts was reasonable. However, as calculated by this Court, Krasik devoted 86.95 hours to drafting and revising the 22-page initial brief in support of the motion to compel or, in the

9

alternative, for sanctions.  While the brief is detailed, that amount of time is excessive in light of the time and labor that should have reasonably been expended on drafting and revising that brief.  The Court will deduct 16.95 hours of that time and allow 60 hours of the time Krasik spent drafting and revising the brief.  *See Strange*, 129 F.3d at 946.  Thus, $4,746 (16.95 x $280) is deducted from the claimed $46,280.25 in attorney's fees.  The lodestar is $41,534.28. Having further considered that the Defendants partially prevailed in pursuing the subject motions, the Court further reduces the lodestar by twenty percent which reduces the amount of attorney's fees to $33,227.42.  *See Spegon*, 175 F.3d at 550.

In their initial petition, the Defendants also claim total expenses of $7,983.14. Krasik avers that because his firm's expenses "incurred in the same billing cycle (research charges, copy charges, postage, etc.) cannot be readily associated with particular projects (except with respect to certain categories of costs as designated on the January and April fees statements)," the Defendants have approximated firm expenses associated with the motions for sanctions  based on the relative percentage of firm fees associated with the total firm fees for that month. (Krasik Aff. ¶ 4.)  Expenses for local counsel are sought pursuant to local counsel's statement of itemized expenses.  (*Id*.)

Relying upon *Wahl v. Carrier Manufacturing Co.*, 511 F.2d 209 (7th Cir. 1975), Patterson objects to the expenses claimed.  However, *Wahl* involved an award of "costs" under Rule 54(d) of the Federal Rules of Civil Procedure.  *Id*.  Such awards are limited to those specified in 28 U.S.C. § 1920.  *Id*.  Furthermore, before costs may be taxed, the applicant must

comply with 28 U.S.C. § 1924 which requires that before costs are taxed, they must be verified by an affidavit that states the items are correct and were necessarily incurred in the case. *Id*. Patterson, however, has not presented any authority that the rulings of *Wahl* are applicable to an award of expenses under Rule 37. Therefore, Patterson's objections premised on *Wahl* to the allocation of expenses on a *pro rata* basis to billing time, and the inclusion charges for telephone calls and postage are not persuasive.

Patterson also objects to the expense sums listed on the monthly statements issued by Krasik's firm (total photocopying charges of $2,544.35, computer database research charges of $8,469.78, and the charge of $5,750 for videos). However, the Defendants are not seeking recovery of those sums from Patterson. They seek a fraction of those expenses. Patterson has not provided any legal authority disallowing Rule 37 expenses because they were *pro rated*. The *pro rata* expense allocation method used by the Defendants is acceptable (although not encouraged.) Therefore, the Defendants' claimed expenses of $7,983.14 in the initial petition are approved.

With respect to the fees and expenses sought under the supplemental petition, Patterson asserts that the Defendants "grossly exaggerate" the amounts. However, Patterson's conclusory statement does not provide a basis for analysis.

In directing that Patterson's deposition be reconvened at his expense, the Court intended to place the Defendants in the position they would have been in if Patterson had "produced the information he withheld," in the first instance. (*See* Court's August 29, 2005, Decision and Order 11.) Krasik, the attorney who conducted the first deposition, appropriately

conducted the supplemental deposition. Krasik charged his "standard billing rate" of $300 per hour. (Krasik Aff. Supp. Defs.' Supplemental Pet. for Attn'y's Fees and Expenses Incurred Reconvening Pl.'s Dep. ¶ 3.) Krasik avers that the billing rates and expenses charged by his firm and those associated with local counsel were consistent with, and reasonable for, the billing rates generally charged by the two firms for legal work of this nature. (*Id.* at ¶ 6.) Consequently, the hourly rates charged for work related to reconvening Patterson's deposition are approved.

The Court has reviewed the billing records for the work and finds that the time expended was reasonable. Given Krasik's prior experience in deposing Patterson, the Court finds that Krasik's 14.20 hours of deposition preparation time was reasonable. Kunic assisted in preparation by gathering materials and documents. He also confirmed logistical arrangements for the deposition. The amount claimed for these tasks is reasonable and the work does not appear to be clerical. *See Spegon*, 175 F.3d at 553. The Defendants acted reasonably in verifying the status of WWE's registration since that issue was likely to arise during the deposition. Thus, the hourly rate and 28.8 hours devoted to the reconvened deposition by Krasik's firm are approved. Likewise, the hourly rate and 1.25 hours devoted to the reconvened deposition by local counsel are approved. The total amount of fees awarded is $7,611.00, with the Court finding no reason to increase or decrease the fees under the *Hensley* factors.

With respect to expenses, the first portion of Patterson's deposition was video-recorded. It was reasonable that the reconvened deposition should be likewise recorded.

12

The travel time claimed, airline expenses and lodging expenses were reasonable expenses incurred by the Defendants as a consequence of having to re-depose Patterson. The $2,486.91 in expenses claimed in the supplemental petition are approved. Thus, the Court approves the total $10,097.91 in fees and expenses in the supplemental petition.

*Patterson's Motion to Reconsider the Court's January 31, 2006, Decision and Order Granting Summary Judgment*

Pursuant to Federal Rule of Civil Procedure 59(e), Patterson seeks reconsideration of the Court's January 31, 2006, Decision and Order. (Docket No. 137.) He identifies two aspects of the Court's decision upon which he seeks reconsideration: the likelihood of confusion between World Wrestling Association and World Wrestling Entertainment and the Court's finding regarding laches. Patterson supplies new evidence which he states was not available at the time he filed his response to the Defendants's summary judgment motion.[1]

A motion for reconsideration, or a motion to alter or amend judgment pursuant to Rule 59(e), contemplates three very limited circumstances in federal civil litigation: newly discovered evidence; an intervening change in the controlling law; or a manifest error of law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Moro v. Shell Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Russell v. Delco Remy Div. of*

---

[1]Patterson has attached: the October 4, 1994, United States Patent and Trademark Office ("PTO") registration issued to Patterson for the service mark "Superstars of Wrestling" and a stylized block letter "S" which abuts the right side of star and a large stylized block letter "W," which abuts the left side of the same star and the January 31, 2006, PTO service mark registration issued to Patterson for "World Wrestling Association" (Ex. R-1); the judgment in *Patterson v. McManus*, Case No. 02-C-0240 (E.D. Wis. Aug. 31, 2005) (Ex. R-2); the December 15, 2005, injunction and the December 19, 2005, judgment entered in *Patterson v. TNA Entm't, LLC*, Case No. 04-C-192 (E.D. Wis.) (Ex. R-3); the PTO March 5, 2005, cancellations for Titan Sports, Inc.'s ("Titan") mark "WWF Superstars" and the vertically stacked block letter logo "WWF" over the block letters "Superstars" (Exs. R-4 & R-5); the August 26, 2003, PTO trademark registration issued to World Wrestling Federation Entertainment for the "World Wrestling Entertainment" (Ex. R-6); and the May 17, 2005, PTO cancellation for the service mark "World Wide Wrestling" held by Jim Crockett Promotions, Inc. (Ex. R-7.)

*Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro*, 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 [N.D. Ill. 1997]).

The Court's January 31, 2006, Decision and Order, noted Patterson's recent documentary submissions filed with a letter on January 10, 2006, but declined to consider them. (Court's January 31, 2006, Decision and Order 3.) The Court relied upon the six-month period of time which had passed since the briefing of the summary judgment motion and noted that its consideration of the parties' voluminous summary judgment motion was well into its final stages when it received Patterson's filing. (*Id.*)

The Court previously concluded that it was too late for Patterson to supplement his filing with new evidence. Such evidence included information on the status of Patterson's "World Wrestling Association" trademark application; the judgment in *McManus*, Case No. 02-C-0240 (E.D. Wis. Aug. 31, 2005); the December 15, 2005, injunction and the December 19, 2005, judgment entered in *TNA Entertainment, LLC*, Case No. 04-C-192 (E.D. Wis.); and the two March 5, 2005, cancellations of Titan's "WWF Superstars" mark.[2] Patterson has failed to show that the Court's determination was a manifest error of law. *See Oto*, 224 F.3d at 606.

---

[2] Parenthetically, the Court notes that the court docket in Case No. 04-C-0192, indicates that on March 10, 2006, Magistrate Judge William E. Callahan entered a decision and order vacating that injunction and judgment.

Without explanation, Patterson also proffers additional PTO documents which predate the June 2, 2005, submission of his response to the Defendants' summary judgment motion **and** his January 1, 2006, letter proffering additional exhibits. (*See* Pl.'s Mot. to Recons. Jan. 31, 2006, Granting Summ. J. to Defs., Ex. R-1, R-6, R-7.) Patterson may not use his motion for reconsideration to introduce new evidence that he could have presented earlier. *See Oto*, 224 F.3d at 606.

The only "new" evidence Patterson submits is the formal certificate of the PTO service mark registration for "World Wrestling Association" issued on January 31, 2006. However, Patterson's January 10, 2006, letter advised the Court that Patterson is the registered owner of the mark and that he expected to receive the formal certificate on January 31, 2006. Thus, the substance of the evidence was previously before the Court and Patterson has not established manifest injustice of law in the Court's determination. *See Oto*, 224 F.3d at 606.

Moreover, as previously observed, the PTO criterion differs from those used to establish "likelihood of confusion" under the governing case law of this circuit. (Court's January 31, 2006, Decision and Order 41-46.) Additionally, the PTO's issuance of the registration undermines Patterson's assertion in this litigation that there is a likelihood of confusion between "World Wrestling Association" and the Defendants' "WWE" and "World Wrestling Entertainment" marks.

Patterson also presents arguments that address the factors relevant to the likelihood of confusion under *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001). Previously, in discussing the issue, the Court noted that Patterson had not addressed the

factors. (Court's January 31, 2006, Decision and Order 43.) Now, by means of a motion for reconsideration, Patterson may not advance the arguments that he could have presented to the Court. *See Moro*, 91 F.3d at 876.

Likewise, Patterson cites *Saint-Gobain Abrasive, Inc. v. Unnova Industrial Automation Systems, Inc.*, 66 U.S.P.Q. 2d 1355 (T.T.A.B. 2003) with respect to the Defendants' claim of laches. While Patterson opposed the Defendants' claim of laches, he did not raise such contention or cite the pre-existing *Saint-Gobain* decision. (*See* Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ. J. 25-26.) Patterson may not raise the argument by Rule 59(e) motion. *See Moro*, 91 F.3d at 876.

Patterson has not provided a proper basis for reconsideration of the Court's summary judgment decision. Therefore, Patterson's motion for reconsideration of the Court's January 31, 2006, Decision and Order granting summary judgment is denied.

### *WWE's Motion to Withdraw Counterclaims and Patterson's Motion to Strike WWE's Reply*

WWE filed a motion to withdraw its counterclaims pursuant to Federal Rule of Civil Procedure 41(a), without prejudice. (Docket No. 141.) WWE's motion to voluntarily withdraw its counterclaims is based on specified conditions. Patterson did not file a response brief. WWE filed a reply brief.

Patterson filed a motion to strike WWE's reply in support of its motion to withdraw counterclaims. (Docket No. 148.) Patterson states that he did not respond to the motion to withdraw counterclaims and, therefore, WWE could not file a reply.

In response, WWE concedes that its reply was not technically a reply since

16

Patterson's rejoinder to its motion was presented in Patterson's reply brief on his motion for reconsideration of the Court's January 31, 2006, Decision and Order. WWE requests that, to the extent the Court determines that WWE did not have a right to file a reply on its motion to withdraw its counterclaims, the brief be treated as a surreply to Patterson's motion for reconsideration of the January 31, 2006, Decision and Order and that WWE be given leave to file it as such. (WWE's Resp. to Mot. to Strike Reply in Supp. Mot. Withdraw Countercl. Without Prejudice at 1-2.)

Patterson's motion to strike WWE's reply in support of its motion to withdraw counterclaims is granted. Patterson did not file a response brief to WWE's motion to withdraw its counterclaims. Therefore, WWE was not entitled to file a "reply brief." (*See* Civil L.R. 7.1(b)(E.D. Wis.).) Furthermore, WWE's request in its response brief to the instant motion, that its reply brief be treated as a surreply to Patterson's motion for reconsideration, is not a motion, and is denied on that ground. WWE's surreply also responds to contentions that are superfluous to the summary judgment reconsideration motion.

Federal Rule of Civil Procedure 41(a)(2) is applicable to WWE's motion to withdraw its counterclaims. Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2).

WWE has four pending counterclaims: abuse of process (Count One); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count Two); tortious

interference with contract (Count Three); and, trade libel (Count Four). (Defs.' Second Am. Answer and Countercls.) WWE's motion to withdraw its counterclaims is contingent upon the denial of Patterson's motion for reconsideration of the Court's January 31, 2006, Decision and Order granting the Defendants' motion for summary judgment dismissing Patterson's claims, and the grant of the Defendants' petition and supplemental petition for sanctions. WWE requests that a specific monetary sanction be imposed upon Patterson prior to the Court's entry of final judgment in this action. WWE further requests that it be granted leave to reinstate its counterclaims in the event Patterson is successful in any appeal of this action.

In this Decision and Order, the Court has denied Patterson's motion for reconsideration of its January 31, 2006, Decision and Order. The Court has also ordered, upon consideration of the Defendants' petition and supplemental petition for attorney's fees and expenses, a specific monetary sanction against Patterson. Furthermore, having considered the tumultuous and contentious history of this action, the Court also grants WWE's request that it be allowed to reinstate its counterclaims in the event Patterson is successful in any appeal of this action. Therefore, the Court grants WWE's motion to withdraw its counterclaims upon the specified conditions.

### Patterson's Discovery Related Motions

Patterson filed a two-part motion to reopen discovery to take depositions of Linda McMahon ("McMahon") and Edward Kaufman ("Kaufman") and to bifurcate the trial and reserve the damages issue for determination by the Court after the trial on the merits of Patterson's claims. (Docket No. 113). Patterson also filed a motion to compel the Defendants

to answer his requests to admit, propounded on September 23, 2005. (Docket No. 120.) Patterson concedes that discovery was closed at the time that the requests to admit were propounded. However, he states that the purposes of the request to admit are to authenticate documents for trial and to save time at trial.

Patterson's discovery related motions were filed after the discovery deadline. Patterson has not shown "good cause" for modification of the Court's scheduling order as required by Rule 16(b) of the Federal Rules of Civil Procedure. Furthermore, given the current posture of the case, there will be no authentication of exhibits and no need for a separate trial on damages associated with Patterson's claims.

Therefore, Patterson's motion to reopen discovery to take depositions of McMahon and Kaufman and to bifurcate trial and reserve damages issue for the Court is denied. Patterson's motion to compel the Defendants to answer his requests to admit is also denied.

*Motions in Limine*

Patterson filed two motions in limine. (Docket Nos. 138 & 139.) There will be no trial of this matter. Therefore, the motions are moot and are denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Patterson's motion seeking sanctions against WWE and for reconsideration of the Court's order imposing sanctions (Docket No. 107) is **DENIED**,

Patterson's motion for leave to file a surreply to the Defendants' petition in support of fees and costs (Docket No. 117) is **DENIED**,

19

The Defendants' petition for attorney's fees and costs (Docket No. 104) is **GRANTED** in the amount of $41,210.56 and **DENIED** in all other respects. Patterson **SHALL** pay such amount to the Defendants **no later than September 5, 2006.**

The Defendants' supplemental petition for attorney's fees and costs (Docket No. 124) is **GRANTED** in the amount of $10,097.91. Patterson **SHALL** pay such amount to the Defendants **no later than September 5, 2006.**

Patterson's Motion to Reconsider the Court's January 31, 2006, Decision and Order Granting Summary Judgment (Docket No. 137) is **DENIED,**

Patterson's motion to strike WWE's reply in support of its motion to withdraw counterclaims (Docket No. 148) is **GRANTED,**

WWE's motion to voluntarily withdraw its counterclaims without prejudice (Docket No. 141) is **GRANTED**. WWE may reinstate its counterclaims in the event Patterson is successful in any appeal of this action.

Patterson's motion to reopen discovery to take depositions of McMahon and Kaufman and to bifurcate trial and leave damages issue for the Court (Docket No. 113) is **DENIED,**

Patterson's motion to compel the Defendants to answer his requests to admit (Docket No. 120) is **DENIED,**

Patterson's motions in limine (Docket Nos. 138 & 139) are **DENIED** as moot,

This action is **DISMISSED**, and

The Clerk of Court **SHALL** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 17th day of August, 2006.

**BY THE COURT**


s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**